IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Jonathan M. Campbell, #236007, | ) | C/A No.: 1:15-3360-MGL-SVH |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| Warden of McCormick Correctional | ) | |
| Institution, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Jonathan M. Campbell ("Petitioner"), is an inmate at the McCormick Correctional
Institution of the South Carolina Department of Corrections ("SCDC"). He filed this pro
se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before
the court pursuant to 28 U.S.C. § 636(b) and Local Civ. Rule 73.02(B)(2)(c) (D.S.C.) for
a Report and Recommendation on Respondent's return and motion for summary
judgment filed on January 6, 2016. [ECF Nos. 18, 19]. Pursuant to *Roseboro v. Garrison*,
528 F.2d 309 (4th Cir. 1975), the court advised Petitioner of the summary judgment and
dismissal procedures and the possible consequences if he failed to respond adequately to
Respondent's motion by February 11, 2016. [ECF No. 20]. After obtaining two
extensions [ECF Nos. 23, 26], Petitioner failed to file a response. The court issued an
order on April 20, 2016, directing Petitioner to advise the court whether he wished to
continue with his case and to file a response to Respondent's motion by May 4, 2016.
[ECF No. 28]. After obtaining one further extension [ECF No. 31], Petitioner filed a
response on June 6, 2016, [ECF No. 33], to which Respondent filed a reply on June 16,

2016. [ECF No. 35]. Petitioner also filed a motion to expand the record [ECF No. 34], which Respondent opposed [ECF No. 36].

Having carefully considered the parties' submissions and the record in this case, the undersigned recommends that Respondent's motion for summary judgment [ECF No. 19] be granted, and Petitioner's motion to expand the record [ECF No. 34] be denied as moot.

I.    Factual and Procedural Background

At trial, the state presented evidence that Petitioner and Carl Southerland ("Southerland") tried to purchase crack cocaine from Jermaine Proctor ("Proctor") on June 19, 2005. [ECF No. 18-2 at 28–29]. Proctor did not have any drugs, but he told Petitioner and Southerland to meet him later that evening and he would give them crack cocaine in exchange for them "pull[ing] a couple of B&Es [breaking-and-enterings]." *Id.* at 29. Proctor picked up Petitioner and Southerland around midnight that day and Proctor gave them three or four crack rocks to smoke so they "could get [their] courage up to do what [they] needed to do." *Id.* at 31–32. Proctor drove Petitioner and Southerland to several locations, but they did not burglarize any of those sites. *Id.* at 31–33. Each time they stopped, Petitioner and Southerland exited the car and smoked some crack. *Id.* at 33. Petitioner, Southerland, and Proctor then stopped at a small electronics store and Petitioner and Southerland "walked up and checked it." *Id.* Petitioner and Southerland smoked the last of the crack, returned to the car, and informed Proctor they were not going to rob the store. *Id.* at 33–35. An argument ensued, and from the backseat Southerland grabbed Proctor's shoulders and held him, while Petitioner stabbed him in

his chest and abdomen 18 times. *Id.* at 35–38. They placed Proctor in the backseat and Petitioner drove away. *Id.* at 40–41. Several hours later, Petitioner called his mother and told her he had been robbed and during a struggle over a gun, he had shot someone. [ECF Nos. 18-1 at 98, 100–101]. Over the next two days, Petitioner and Southerland continued to drive Proctor's vehicle with Proctor's decomposing body in the backseat. [ECF No. 18-2 at 45–53]. They were apprehended in Alabama after a high-speed chase and were subsequently returned to South Carolina. *Id.* at 51–53.

Petitioner was indicted by the Greenville County grand jury during the January 2006 term of court for murder (2006-GS-23-328) and possession of a weapon during the commission of a crime (2006-GS-23-329). [ECF No. 18-4 at 120–21, 123–24]. Petitioner was represented by John P. Abdalla, Esq., and proceeded to a jury trial on January 12–14, 2010, before the Honorable Edward W. Miller, Circuit Court Judge. [ECF No. 18-1 at 3 *et seq.*]. The jury found Petitioner guilty as charged [ECF No. 18-3 at 71–72], and Judge Miller sentenced Petitioner to 45 years for murder and 5 years on the weapon charge. *Id.* at 80.

Petitioner appealed his convictions and sentences to the South Carolina Court of Appeals ("Court of Appeals"). On appeal, Petitioner was represented by Joseph L. Savitz, III, Esq., of the South Carolina Commission on Indigent Defense, Division of Appellate Defense. [ECF No. 18-3 at 82–91]. Attorney Savitz filed a final brief on or about April 19, 2011, raising the following issue:

> The trial judge committed reversible error by refusing to instruct the jury on accessory after the fact of murder, as Campbell's testimony—that

3

Southerland killed Proctor and that he had only assisted him in attempting to escape to Mexico—supported a charge on the lesser-related offense.

*Id.* at 85.   On April 18, 2012, the Court of Appeals filed an unpublished decision affirming Petitioner's conviction. [ECF No. 18-4 at 24–25].  The remittitur was issued on May 4, 2012. *Id.* at 26.

Petitioner filed an application for post-conviction relief ("PCR") on November 19, 2012, in which he alleged ineffective assistance of counsel claims. *Id.* at 27–34.  A PCR evidentiary hearing was held before the Honorable D. Garrison Hill, Circuit Court Judge, on April 22, 2014, at which Petitioner and his counsel, Caroline M. Horlbeck, Esq., appeared. *Id.* at 41–109. On June 5, 2014, Judge Hill filed an order of dismissal. *Id.* at 110–19.

On June 23, 2014, Petitioner filed a timely notice of PCR appeal. [ECF No. 18-6]. Appellate Defender Susan B. Hackett of the South Carolina Commission on Indigent Defense, Division of Appellate Defense, represented Petitioner on appeal. [ECF No. 18-7]. On or about January 21, 2015, Attorney Hackett filed a petition for writ of certiorari in the South Carolina Supreme Court raising the following issue:

Did trial counsel's deficient performance—failing to object to the trial judge's instruction to the jury that malice may be inferred from the use of a deadly weapon in order to convict him of murder—prejudice Petitioner?

*Id.* at 3.  On June 18, 2015, the South Carolina Supreme Court denied the petition for writ of certiorari. [ECF No. 18-9]. The remittitur was issued on July 7, 2015. [ECF No. 18-10].

4

Petitioner filed this federal petition for a writ of habeas corpus on August 19, 2015. [ECF No. 1-3 at 2].[1]

II.    Discussion

A.    Federal Habeas Issues

Petitioner states the following grounds in his habeas petition:

**Ground One:**    Ineffective assistance of trial counsel for not objecting to the malice charge to jury.

Supporting Facts: the jury was charged with Murder and manslaughter in my case and was also charged with the malice instruction that you can infer malice from the use of a deadly weapon and this precluded manslaughter State v. Belcher, 385 SC 597

**Ground Two:**    Ineffective assistance of counsel for not objecting to prosecutor giving states witness testimoney creditibility

Supporting Facts: Trial Transcripts p 449 Ln 6. Prosecutor Weston said Carl Southerland has taken his responsibility. Giving his testimony credibility. Right after he says that my story was cocamamy and I'm guilty as sin, the prosecutor said Carl Southerland has taken his responsibility giving credibility

**Ground Three:**    Ineffective assistance of counsel for not objecting to prosecutors statements of defendants guilt and credibility in closing arguments.

Supporting Facts: TR p. 149 Ln. 14-16 All through closing arguments prosecutor says I'm a lier, my story is cockamamy, I'm guilty, and who he personally believes is more guilty or responsible and misstates facts of evidence.

---

[1] The petition was received and docketed by the court on August 21, 2015. [ECF No. 1-3 at 1]. However, because Petitioner is incarcerated, he benefits from the "prison mailbox rule." *Houston v. Lack*, 487 U.S. 266 (1988). The envelope for the petition reflects it was deposited in the SCDC mailing system on August 19, 2015. [ECF No. 1-3 at 2].

**Ground Four:** Ineffective assistance of counsel in PCR hearing for not raising Ineffective assistance of Direct Appeal Counsel.

Supporting Facts: Direct Appeal counsel did not raise issue that was preserved and issue raised was meritless. Other issues could have been raised that did have merit, like the prosecutorial misconduct in Closing arguments

**Ground Five:** Ineffective assistance for not objecting to Prosecutor misconduct in closing arguments.

Supporting Facts: See attachments:

**Ground Six:** Ineffective assistance of PCR counsel for not raising all issues under SCRCP 71.1(D) and Martinez v. Ryan 132 S.Ct. 1309  Attorney did not raise all my issues and could not have because neither one of us has ever seen discovery, which I have been continually trying to get.

Ineffective assistance of counsel in PCR for not filing 59(e) when defendant sent it in a timely manner. (a) 59(e) was sent to my attorney by me in a timely fashion and sent copy to Supreme Court for proof of filing.

**Ground Seven:** Ineffective assistance of PCR counsel for not raising issue of ineffective of Direct Appeal Counsel for raising burden shifting statements of prosecutor on page 446 of Trial Transcripts, Line 18 through Line 12 on flowing page 447 and judge did not give cure to jury.

**Ground Eight:** Ineffective assistance of Direct Appeal and PCR Counsel for not raising selective prosecution on pages of 449 Line 6–16 of trial transcripts Solicitor gives his personal opinion of who he think is more responsibile after giving credibility to his witness by saying he has taken his responsibility

**Other Grounds:** Ineffective Assistance of Trial and Appeal Counsel for Failing to Object to the Prosecutorial Misconduct in Closing Arguments, and failing to Raise Issue in P.C.R.

Ineffective assistance of counsel for not objecting to Murder as the charge when the crime was accepted as a manslaughter before defendants trial. Carl Southerland plead guilty to manslaughter

before defendants trial. Manslaughter is the knowingly killing of another without malice. How can the crime be ruled a manslaughter and then try me for murder under accomplice liability.

[ECF Nos. 1 at 5–10; 1-1 at 1–2, 4–22] (errors in original).

B.    Standard for Summary Judgment

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "[S]ummary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*. At the summary judgment stage, the court must view the evidence in the light most favorable to the non-moving party and draw all justifiable inferences in its favor. *Id*. at 255.  However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248.

The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. *See* Fed. R. Civ. P. 56(e).

C.     Habeas Corpus Standard of Review

1.     Generally

Because Petitioner filed his petition after the effective date of the AEDPA, review of his claims is governed by 28 U.S.C. § 2254(d), as amended. *Lindh v. Murphy*, 521 U.S. 320 (1997); *Noland v. French*, 134 F.3d 208, 213 (4th Cir. 1998). Under the AEDPA, federal courts may not grant habeas corpus relief unless the underlying state adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. 28 U.S.C. § 2254(d)(1)(2); *see Williams v. Taylor*, 529 U.S. 362, 398 (2000). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id*. at 410. Moreover, state court factual determinations are presumed to be correct and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

2.     Procedural Bar

Federal law establishes this court's jurisdiction over habeas corpus petitions. 28 U.S.C. § 2254. This statute permits relief when a person "is in custody in violation of the Constitution or laws or treaties of the United States[,]" and requires that a petitioner present his claim to the state's highest court with authority to decide the issue before the

federal court will consider the claim. *Id.* The separate but related theories of exhaustion and procedural bypass operate in a similar manner to require a habeas petitioner to first submit his claims for relief to the state courts. A habeas corpus petition filed in this court before the petitioner has appropriately exhausted available state-court remedies or has otherwise bypassed seeking relief in the state courts will be dismissed absent unusual circumstances detailed below.

a.    Exhaustion

Section 2254 contains the requirement of exhausting state-court remedies and provides as follows:

(b)    (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court, shall not be granted unless it appears that—

(A)    the applicant has exhausted the remedies available in the courts of the State; or

(B)    (i) there is an absence of available State corrective process; or

(ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

(2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.

(3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.

(c)    An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254.

The statute requires that, before seeking habeas corpus relief, the petitioner first must exhaust his state court remedies. 28 U.S.C. § 2254(b)(1)(A). In South Carolina, a person in custody has two primary means of attacking the validity of his conviction: (1) through a direct appeal, or (2) by filing an application for PCR. State law requires that all grounds be stated in the direct appeal or PCR application. Rule 203 SCACR; S.C. Code Ann. § 17-27-10, *et seq.*; S.C. Code Ann. § 17-27-90; *Blakeley v. Rabon*, 221 S.E.2d 767 (S.C. 1976). If the PCR court fails to address a claim as is required by S.C. Code Ann. § 17-27-80, counsel for the applicant must make a motion to alter or amend the judgment pursuant to Rule 59(e), SCRCP. Failure to do so will result in the application of a procedural bar by the South Carolina Supreme Court. *Marlar v. State,* 653 S.E.2d 266 (S.C. 2007).[2] Furthermore, strict time deadlines govern direct appeal and the filing of a PCR in the South Carolina courts. A PCR must be filed within one year of judgment, or if there is an appeal, within one year of the appellate court decision. S.C. Code Ann. § 17-27-45.

The United States Supreme Court has held that "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"—which includes "petitions for

[2] In *Bostick v. Stevenson*, 589 F.3d 160, 162–65 (4th Cir. 2009), the Fourth Circuit found that, prior to the Supreme Court of South Carolina's November 5, 2007 decision in *Marlar*, South Carolina courts had not been uniformly and strictly enforcing the failure to file a motion pursuant to Rule 59(e), SCRCP, as a procedural bar. Accordingly, for matters in which there was a PCR ruling prior to November 5, 2007, the court will not consider any failure to raise issues pursuant to Rule 59(e) to effect a procedural bar.

discretionary review when that review is part of the ordinary appellate review procedure in the State." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). This opportunity must be given by fairly presenting to the state court "both the operative facts and the controlling legal principles" associated with each claim. *Baker v. Corcoran*, 220 F.3d 276, 289 (4th Cir. 2000)(internal citations omitted). That is to say, the ground must "be presented face-up and squarely." *Mallory v. Smith*, 27 F.3d 991, 995 (4th Cir. 1994) (citation and internal quotation marks omitted).

The South Carolina Supreme Court has held that the presentation of claims to the state court of appeals without more is sufficient to exhaust state remedies for federal habeas corpus review. *State v. McKennedy*, 559 S.E.2d 850 (S.C. 2002); *see also In re Exhaustion of State Remedies in Criminal and Post-Conviction Relief Cases*, 471 S.E.2d 454 (S.C. 1990). The *McKennedy* court held that *In re Exhaustion* had placed discretionary review by the South Carolina Supreme Court "outside of South Carolina's ordinary appellate review procedure pursuant to *O'Sullivan*." 559 S.E.2d at 854. As such, it is an "extraordinary" remedy under *O'Sullivan*, "technically available to the litigant but not required to be exhausted." *Adams v. Holland*, 330 F.3d 398, 403 (6th Cir. 2003).

Because the South Carolina Supreme Court has held that presentation of certain claims to the Court of Appeals without more is sufficient to exhaust state remedies, a claim is not procedurally barred from review in this court for failure to pursue review in the South Carolina Supreme Court after an adverse decision in the Court of Appeals.

b.    Procedural Bypass

Procedural bypass, sometimes referred to as procedural bar or procedural default, is the doctrine applied when a petitioner who seeks habeas corpus relief as to an issue failed to raise that issue at the appropriate time in state court and has no further means of bringing that issue before the state courts. In such a situation, the person has bypassed his state remedies and, as such, is procedurally barred from raising the issue in his federal habeas petition. Procedural bypass of a constitutional claim in earlier state proceedings forecloses consideration by the federal courts. *See Smith v. Murray*, 477 U.S. 527, 533 (1986). Bypass can occur at any level of the state proceedings if the state has procedural rules that bar its courts from considering claims not raised in a timely fashion.

The South Carolina Supreme Court will refuse to consider claims raised in a second appeal that could have been raised at an earlier time. Further, if a prisoner has failed to file a direct appeal or a PCR and the deadlines for filing have passed, he is barred from proceeding in state court. If the state courts have applied a procedural bar to a claim because of an earlier default in the state courts, the federal court honors that bar. As the Supreme Court explains:

> . . . [state procedural rules promote] not only the accuracy and efficiency of judicial decisions, but also the finality of those decisions, by forcing the defendant to litigate all of his claims together, as quickly after trial as the docket will allow, and while the attention of the appellate court is focused on his case.

*Reed v. Ross*, 468 U.S. 1, 10–11 (1984).

12

### 3.     Cause and Actual Prejudice

Because the requirement of exhaustion is not jurisdictional, this court may consider claims that have not been presented to the state's courts in limited circumstances in which a petitioner shows sufficient cause for failure to raise the claim and actual prejudice resulting from the failure, *Coleman*, 501 U.S. at 750, or by "prov[ing] that failure to consider the claims will result in a fundamental miscarriage of justice." *Lawrence v. Branker*, 517 F.3d 700, 714 (4th Cir.), cert. denied, 555 U.S. 868 (2008). A petitioner may prove cause if he can demonstrate ineffective assistance of counsel relating to the default, show an external factor which hindered compliance with the state procedural rule, or demonstrate the novelty of a particular claim. *Id.* Absent a showing of "cause," the court is not required to consider "actual prejudice." *Turner v. Jabe*, 58 F.3d 924 (4th Cir. 1995).  However, if a petitioner demonstrates sufficient cause, he must also show actual prejudice in order to excuse a default. *Murray*, 477 U.S. at 492. To show actual prejudice, the petitioner must demonstrate more than plain error.

### 4.     Ineffective Assistance of Counsel Claims

To prevail on his ineffective assistance of counsel claims, Petitioner must show (1) that his trial counsel's performance fell below an objective standard of reasonableness, and (2) that a reasonable probability exists that but for counsel's error, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 694 (1984). The court must apply a "strong presumption" that trial counsel's representation fell within the "wide range of reasonable professional assistance," and the errors must be "so serious that counsel was not functioning as the counsel guaranteed the defendant by

the Sixth Amendment." *Harrington v. Richter*, 562 U.S. 86, 104 (2011). This is a high standard that requires a habeas petitioner to show that counsel's errors deprived him "of a fair trial, a trial whose result is reliable." *Strickland*, 466 U.S. at 687. That the outcome would "reasonably likely" have been different but for counsel's error is not dispositive of the prejudice inquiry. Rather, the court must determine whether the result of the proceeding was fundamentally unfair or unreliable. *Harrington*, 562 U.S. at 104; *Strickland*, 466 U.S. at 694.

The United States Supreme Court has cautioned that "'[s]urmounting Strickland's high bar is never an easy task[,]' . . . [e]stablishing that a state court's application of Strickland was unreasonable under § 2254(d) is all the more difficult." *Harrington*, 562 U.S. at 88 (*quoting Padilla v. Kentucky*, 559 U.S. 356, 371 (2010)). When evaluating an ineffective assistance of counsel claim, the petitioner must satisfy the highly deferential standards of 28 U.S.C. § 2254(d) and *Strickland* "in tandem," making the standard "doubly" more difficult. *Harrington*, 562 U.S. at 105. In such circumstances, the "question is not whether counsel's actions were reasonable," but whether "there is any reasonable argument that counsel satisfied Strickland's deferential standards." *Id.* The unreasonableness of the state court determination must be "beyond any possibility of fairminded disagreement." *Id.* at 103. "If this standard is difficult to meet, that is because it was meant to be." *Id.* at 102. Section 2254(d) codifies the view that habeas corpus is a "'guard against extreme malfunctions in the state criminal justice system,' not a substitute for ordinary error correction through appeal." *Id.* at 102, quoting *Jackson v. Virginia*, 443 U.S. 307, 332 n.5 (1979)).

14

D.     Analysis

    1.    Procedurally-Barred Grounds

Respondent argues Petitioner procedurally defaulted on his claims in Grounds Two, Three, and Five, his claims in Other Grounds, and Ground Eight's ineffective assistance of appellate counsel claim. [ECF No. 18 at 30]. The undersigned agrees. To the extent these claims were not raised in Petitioner's PCR appeal, they were not fairly presented to the South Carolina appellate courts and are procedurally barred from federal habeas review. *See Coleman*, 501 U.S. 722 (stating that if an issue is not properly raised to the state's highest court and would be procedurally impossible to raise now, then it is procedurally barred from federal habeas review).

Petitioner did not raise his ineffective assistance of counsel claims asserted in Grounds Two, Three, Five, Eight, and Other Grounds in his PCR appeal. *See* ECF No. 18-7 at 3. Accordingly, these claims are procedurally defaulted and federal habeas review of these claims is barred absent a showing of cause and actual prejudice, or actual innocence. *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977); *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997).

    2.    Cause and Prejudice

Petitioner has not shown sufficient cause and prejudice to excuse the default of these claims. In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claim is barred unless the prisoner can demonstrate cause for the default

and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice. Petitioner has failed to meet this burden. Thus, his claims are procedurally barred from consideration by this court and should be dismissed. *See* 28 U.S.C. § 2254; *Rodriguez v. Young*, 906 F.2d 1153, 1159 (7th Cir. 1990) ("Neither cause without prejudice nor prejudice without cause gets a defaulted claim into Federal Court."); *Mazzell v. Evatt*, 88 F.3d 263, 269 (4th Cir. 1996) (holding that to show prejudice, a petitioner must show that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different); *Rodriguez*, 906 F.2d at 1159 (holding a fundamental miscarriage of justice occurs only in extraordinary cases, "where a constitutional violation has probably resulted in the conviction of one who is actually innocent").

The existence of cause must ordinarily turn on whether the prisoner can show some objective factor external to the defense impeded counsel's or his efforts to comply with the state's procedural rule. *Murray*, 477 U.S. at 488. Petitioner fails to articulate cause for procedurally defaulting on these claims. Petitioner had a trial, had a direct appeal, a PCR hearing, and an appeal from the PCR in which to raise these issues. However, he failed to raise them, raise them properly, or preserve the issues for habeas review. Petitioner cannot establish cause and prejudice because he has abandoned the opportunities to preserve these issues.

Petitioner cites to *Martinez v. Ryan*, 132 S. Ct. 1309, 1318–20 (2012) and alleges Grounds Two, Three, Five, and Eight are not procedurally barred. [ECF No. 33 at 22–23]. Petitioner argues his PCR counsel was constitutionally ineffective when he failed to

file a Rule 59(e) motion on Grounds Two and Three and failed to raise Grounds Five and Eight. *Id.* at 23–25. Citing to the arguments in his habeas petition, Petitioner claims Grounds Two, Three, Five, and Eight are meritorious and satisfy the elements of the *Martinez* test. *Id.* at 24–26. Petitioner asks the court to consider these grounds on the merits. *Id*. at 26.

In *Coleman v. Thompson*, the Supreme Court held that ineffective assistance of counsel will constitute cause only if it is an independent constitutional violation. 501 U.S. 722, 755 (1991). In *Martinez*, the Court recognized a narrow exception to the rule established in *Coleman* and held that "[i]nadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." *Martinez*, 132 S. Ct. at 1315.

> [W]hen a State requires a prisoner to raise an ineffective-assistance-of-trial-counsel claim in a collateral proceeding, a prisoner may establish cause for a default of an ineffective-assistance claim in two circumstances. The first is where the state courts did not appoint counsel in the initial-review collateral proceeding for a claim of ineffective assistance at trial. The second is where appointed counsel in the initial-review collateral proceeding, where the claim should have been raised, was ineffective under the standards of *Strickland v. Washington*. To overcome the default, a prisoner must also demonstrate that the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit.

*Id.* at 1318 (internal citation omitted).

Examining the evidence before the court, the undersigned finds the procedural bar to Petitioner's Grounds Two, Three, Five, and Eight should not be lifted. The undersigned has reviewed the merits of Petitioner's Grounds and Petitioner's conclusory allegations and arguments fail to "demonstrate that the underlying ineffective-assistance-

of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit." *See Martinez v. Ryan*, 132 S. Ct. 1309, 1318–20 (2012).

In the alternative, Petitioner must show a miscarriage of justice. To demonstrate a miscarriage of justice, Petitioner must show he is actually innocent. Actual innocence is defined as factual innocence, not legal innocence. *Bousley v. United States*, 523 U.S. 614, 622 (1998). Petitioner cannot establish that the errors he complains of probably resulted in the conviction of an innocent person. *Schlup v. Delo*, 513 U.S. 298, 327 (1995). To pass through the actual-innocence gateway, a petitioner's case must be "truly extraordinary." *Id.* The court's review of the record does not support a showing of actual innocence.

During the trial, the solicitor presented the facts recited in the Factual Background section above. The jury determined Petitioner was guilty of murder and possession of a weapon during the commission of a crime. The record makes an assertion of actual innocence not credible. The undersigned finds Petitioner has failed to meet his burden of demonstrating actual innocence, and therefore, procedural bars apply as to all his claims in Grounds Two, Three, Five, Eight, and his claims in Other Grounds.

3.      Merits Review

a)      Ground One

In Ground One, Petitioner alleges his trial counsel was ineffective for failing to object to the malice jury charge. [ECF No. 1 at 5].

At the PCR hearing, Petitioner testified:

> Q.    All right. And how do you think—that inference of malice, how do you think that effected the jury and effected the outcome of your case?
>
> A.    I think the inference of malice when used with a deadly weapon prejudiced me and—because it overruled—precluded manslaughter and—I mean possession of a weapon. And the Judge—they couldn't have found me guilty of nothing but murder.

[ECF No. 18-4 at 84–85].

The PCR court found this allegation to be without merit, as follows:

> This Court finds the Applicant failed to meet his burden of proving he was prejudiced by trial counsel's lack of objection to the presumption of malice charge. Trial counsel did not object when the trial judge charged the jury that malice can be inferred from the use of a deadly weapon. (Trial transcript, p.458, lines 14-15). As this case was tried after the South Carolina Supreme Court issued State v. Belcher, 385 S.C. 597, 685 S.E.2d 802 (2009), trial counsel was deficient in failing to object. This Court finds, however, the Applicant cannot prove resulting prejudice because of the overwhelming evidence of the Applicant's guilt. See State v. Stanko, 402 S.C. 252, 264–65, 741 S.E.2d 708, 714–15 (2013) (holding that, even though the judge's jury charge did not comply with Belcher, the error was harmless in light of the overwhelming evident of guilt). This Court also finds this jury charge did not contribute to the verdict. This Court notes the jury asked about the jury charges of reasonable doubt and accomplice liability,[1] which indicates they were focusing upon the Applicant's responsibility as a principal and not whether malice existed.
>
> _____
> [1] (Trial transcript, pp.465–68).

Id. at 117–18.

In his response, Petitioner argues the state court's rulings were contrary to clearly established federal laws and "were objectively unreasonably regarding the facts of his case." [ECF No. 33 at 2–3]. Petitioner alleges he was clearly prejudiced because the

malice jury instruction relieved the state of its burden of proving the element of the crime charged. *Id.* at 8. Petitioner argues his counsel's error was not harmless because there was "not overwhelming evidence of guilt." *Id.* at 2, 17–18. Petitioner claims

> the only evidence was by this alleged co-defendant who were impeached. Petitioner argue that he was hit with a hammer before the struggle. Secondly, Petitioner was under duress when the deceased was being threaten when the incident happen.

*Id.* at 21.

Petitioner cannot satisfy the *Strickland* test. The court has reviewed the record and cannot find that there was a substantial likelihood that the result of Petitioner's trial would have been different had the trial court not given the jury charge on implied malice. In light of the evidence of Petitioner's guilt, including the testimony of codefendant Southerland and Petitioner's mother [ECF Nos. 18-1 at 97–105; 18-2 at 29–53], and considering the questions about reasonable doubt and "hand of one" asked by the jury during their deliberations [ECF No. 18-3 at 65–70], the PCR court reasonably found the trial court's malice jury instruction did not affect the outcome of the trial under *Strickland*. Petitioner has failed to overcome the doubly-deferential standard of review accorded the state court's determination of this issue of ineffective assistance of counsel under *Harrington*. Petitioner has not shown that the state court's analysis of this issue misapplied clearly established federal law or, even if there was an error, that it was unreasonable. *See Williams*, 529 U.S. at 410. Based on the foregoing, Petitioner is not entitled to federal habeas relief on this claim, and the undersigned recommends Ground One be dismissed.

b)     Grounds Four, Six, Seven, and Eight

In Grounds Four, Six, Seven, and Eight, Petitioner asserts claims for ineffective assistance of PCR counsel. [ECF Nos. 1 at 10; 1-1 at 1–2, 4–5]. However, alleged infirmities in a state post-conviction action are not matters that may be addressed in federal habeas actions as free-standing grounds. *Bryant v. Maryland*, 848 F.2d 492, 493 (4th Cir. 1988) ("[C]laims of error occurring in a state post-conviction proceeding cannot serve as a basis for federal habeas corpus relief."). The federal role in reviewing an application for habeas corpus is limited to evaluating what occurred in the state or federal proceedings that actually led to the petitioner's conviction; what occurred in the Petitioner's collateral proceeding does not enter into the habeas calculations. 28 U.S.C. 2254(i); *see also Bell-Bey v. Roper*, 499 F.3d 752, 756 (8th Cir. 2007) ("Because the Constitution does not guarantee the existence of state post-conviction proceedings, an infirmity in a state post-conviction proceeding does not raise a constitutional issue cognizable in a federal habeas application.") (internal citations, quotation marks, and alteration omitted). Accordingly, the undersigned recommends that Petitioner's Grounds Four, Six, Seven, and Eight be denied and dismissed with prejudice.

III.     Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends that Respondent's motion for summary judgment [ECF No. 19] be granted and the petition be dismissed with prejudice. The undersigned also recommends the court deny as moot Petitioner's motion for expansion of record [ECF No. 34].

IT IS SO RECOMMENDED.

*Shiva V. Hodges*

July 11, 2016                                    Shiva V. Hodges
Columbia, South Carolina                         United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).